Case 7:20-cv-00148 Document 1-4 Filed on 06/08/20 in TXSD Page 1 of 9

DC-20-184
Filed 6/5/2020 11:40 AM
Orlando Velasquez, District Clerk
Starr County, Texas
Ana Martinez
Starr County - District Clerk

CAUSE NO. **DC-20-184**

| | | |
|---|---|---|
| CANDELARIA PEREZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | JUDICIAL DISTRICT **229** |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| *Defendant.* | § | STARR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR ADMISSIONS, REQUEST FOR DISCLOSURE, REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CANDELARIA PEREZ, hereafter "Plaintiff," in the above-styled and complaining of WAL-MART STORES TEXAS, L.L.C., hereafter "Defendant," and files this her Plaintiff's Original Petition, Request for Admissions, Request for Disclosure, Request for Production, and First Set of Interrogatories, and for support would show this Court and Jury as follows:

I.

DISCOVERY CONTROL PLAN LEVEL

1.01 Plaintiff intends that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

CLAIM FOR RELIEF

2.01 Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiff is seeking monetary relief between $200,000 and $750,000 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

III.

PARTIES AND SERVICE

3.01   Plaintiff CANDELARIA PEREZ is an individual who resides in Starr County, Texas.

3.02   Defendant WAL-MART STORES TEXAS, L.L.C. is a Corporation authorized to engage in business in the State of Texas, which operates a shopping business throughout the State of Texas, including, but not limited to Starr County, Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

IV.

JURISDICTION AND VENUE

4.01   This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

4.02   This Court has personal jurisdiction over the Defendant WAL-MART STORES TEXAS, L.L.C. because, at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed, the Defendant was a resident of Texas, and/or were organized under the laws of Texas, and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas, and/or maintained a principal place of business in Texas, and/or maintained a registered agent in Texas, and/or was doing business in Texas, and/or solicited business in Texas from Texas residents, and/or marketed and advertised in Texas to Texas residents, and/or contracted in Texas with Texas residents, and/or committed torts in whole or in part in Texas, and/or recruited Texas residents for employment, and/or maintained

continuous and systematic contacts with Texas, and/or is generally present in Texas, and/or otherwise has the requisite minimum contacts with Texas, have purposefully availed themselves of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

4.03    Venue is proper in Starr County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Rio Grande City, Starr County, Texas.

V.

BACKGROUND FACTS

5.01    On or about January 26, 2019, Plaintiff CANDELARIA PEREZ went shopping at Defendant WAL-MART STORES TEXAS, L.L.C.'S local "WAL-MART" located at 4534 E. US Hwy 83, Rio Grande City, Starr County, Texas 78582.

5.02    As Plaintiff CANDELARIA PEREZ walked in front of the registers, surrounded by WAL-MART employees, Plaintiff CANDELARIA PEREZ slipped and fell on a condition; namely liquid on the floor. There were no "Caution Wet Floor Signs" on display. As a result of her fall, Plaintiff CANDELARIA PEREZ suffered severe bodily injury.

5.03    At the invitation of Defendant WAL-MART STORES TEXAS, L.L.C., Plaintiff CANDELARIA PEREZ entered upon Defendant WAL-MART STORES TEXAS, L.L.C.'s premises as an invitee to engage in the act of purchasing goods or services.

5.04    While Plaintiff CANDELARIA PEREZ was conducting business on Defendant WAL-MART STORES TEXAS, L.L.C.'s premises, she slipped and fell on a condition and/or substance; namely liquid on the floor. The foreign substance and/or condition, i.e. the liquid on the floor, posed an unreasonable risk of harm to Plaintiff CANDELARIA PEREZ, was the result of the actions, behavior, conduct, and/or inactions on the part of Defendant's agents, employees,

representatives, and/or servants, while in the course and scope of their respective employment and/or official duties with Defendant, which amounted to negligence.

5.05 Nothing that Plaintiff CANDELARIA PEREZ did or did not do contributed in any way to the fall.

VI.

PLAINTIFFS' FIRST CAUSE OF ACTION: NEGLIGENCE

6.01 Plaintiff hereby incorporates the allegations contained in paragraphs set forth above as if fully set forth herein.

6.02 Defendant's WAL-MART STORES TEXAS, L.L.C. acts and omissions outlined herein constitute negligence.

6.03 Defendant WAL-MART STORES TEXAS, L.L.C. owed a common law duty to exercise ordinary care in the operation of their business so as not to endanger the safety of others such as Plaintiff. Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

6.04 Defendant WAL-MART STORES TEXAS, L.L.C. by and through its agents and employees breached that duty by one or more of the following acts and omissions:

A. Failing to maintain the floor and/or premises in a reasonably safe condition;

B. Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;

C. Failing to discover dangerous conditions on the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

D. Failing to inspect the floor for any unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

E. Failing to remove the unreasonably dangerous conditions from the floor prior to

the Plaintiff and other customers entering the business premises: and,

F. Failing to provide sufficient and adequately trained personnel to inspect, find, and remove, unreasonably dangerous conditions from the floor, prior to subjecting Plaintiff and other persons to enter the business premises or area.

6.05   As a direct and proximate cause of Defendant's negligent acts or omissions, Plaintiff has suffered damages as described hereafter.

VII.

PLAINTIFF'S CLAIMS AGAINST DEFENDANT: PREMISES LIABILITY

7.01   Plaintiff hereby incorporates the allegations contained above as if fully set forth herein.

7.02   At all material times, Defendant WAL-MART STORES TEXAS, L.L.C. owned, possessed, operated and/or maintained the business premises "WAL-MART " located at 4534 E. US Hwy 83, Rio Grande City, Starr County, Texas 78582 .  Furthermore, Defendant WAL-MART STORES TEXAS, L.L.C. owed certain duties of care to Plaintiff and other business invitees.

7.03   Defendant WAL-MART STORES TEXAS, L.L.C. owed the duty to exercise ordinary care by failing to adequately warn the Plaintiff of the condition on the floor at the premises "WAL-MART " located at 4534 E. US Hwy 83, Rio Grande City, Starr County, Texas 78582 , and to make the premises reasonably safe for Plaintiff, which includes the duty to inspect the premises and to discover any foreign substances and/or dangerous condition.

7.04   Defendant WAL-MART STORES TEXAS, L.L.C. and/or its agents and/or its servants, and/or its employees knew or should have known of any foreign substance and/or dangerous condition that created an unreasonable risk of harm to the Plaintiff and other business invitees.

7.05    Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiff of the substance on the floor and/or condition of the floor at the premises, or to otherwise make the premises safe. This substance and/or condition existed despite the fact that Defendant or Defendant's agents, and/or servants, and/ or employees knew or should have known of the existence and that there was likelihood of a person being injured.

7.06    At all material times, Defendant WAL-MART STORES TEXAS, L.L.C. and its agents, employees, representatives, and/or servants, who were acting within the course and scope of their respective employment, breached its duty in each of the following respects:

A. Failing to maintain the floor and/or premises in a reasonably safe condition;

B. Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;

C. Failing to discover the substance on the floor and/or condition of the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

D. Failing to inspect the floor for any foreign substances and/or unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area; and

E. Failing to remove the substance on the floor and/or condition on the floor for the Plaintiff and other customers entering the business premises.

7.07    At all material times, Plaintiff was an invitee on the premises at the time of her injuries and other damages. At the time of Plaintiff's injuries (1) the substance and/or condition on the premises created an unreasonable risk of harm to the Plaintiff; (2) the owner and/or possessor and/or operator knew or reasonably should have known of the substance on the floor; (3) owner and/or possessor and/or operator failed to exercise ordinary care to protect the invitee from danger; and (4) owner's and/or possessor's and/or operator's failure was a proximate cause

of the injuries to the invitee.

7.08   At all material times, all of the agents, employees, representatives, and/or servants, of Defendant WAL-MART STORES TEXAS, L.L.C. who were connected with the incident, were acting within the course and scope of their respective employment or official duties and in furtherance of the duties of their office or employment.  Therefore, the Defendant WAL-MART STORES TEXAS, L.L.C. is further liable for the negligent acts and omissions of their respective agents, employees, representatives, and/or servants under the doctrine of *Respondeat Superior*.

7.09   The Defendant WAL-MART STORES TEXAS, L.L.C.'S breach proximately caused the Plaintiff's injuries and damages as set forth below.

## VIII.

### INJURIES AND/OR DAMAGES SUSTAINED BY PLAINTIFF

8.01   As a direct and proximate cause of the incident, Plaintiff CANDELARIA PEREZ has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer as a result from her injuries.

8.02   By reason of the foregoing injuries and damages, Plaintiff CANDELARIA PEREZ seeks damages for the elements of damages listed below:

    a.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

    b.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

    c.   Pain and suffering in the past;

    d.   Pain and suffering in the future;

    e.   Mental anguish in the past;

    f.    Mental anguish in the future;

    g.    Physical disfigurement in the past; and

    h.    Physical disfigurement in the future.

## IX.

## REQUESTS FOR DISCLOSURE

9.01   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant WAL-MART STORES TEXAS, L.L.C. is hereby requested to disclose <u>within fifty (50) days after service of the citation and petition</u> in this cause the information or material as described in Rule 194.2 (a) through (l) of the Texas Rules of Civil Procedure.

## X.

## ADDITIONAL DISCOVERY REQUESTS ATTACHED HERETO

10.01   Attached, please find Plaintiff's First Set of Requests for Admissions, First Set of Interrogatories, and First Requests for Production directed to Defendant WAL-MART STORES TEXAS, L.L.C. who is hereby requested to answer same, <u>within fifty (50) days after the service of the citation and petition.</u>

## XI.

## JURY DEMAND

11.01   Plaintiff hereby demands a TRIAL BY JURY in this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff CANDELARIA PEREZ respectfully prays that Defendant WAL-MART STORES TEXAS, L.L.C., be cited to appear and answer herein, and that a Trial by Jury (On the Merits) be scheduled, and at the conclusion of said Trial, judgment be entered in favor of Plaintiff CANDELARIA PEREZ and against

Defendant WAL-MART STORES TEXAS, L.L.C. for damages in an amount within the jurisdictional limits of the Court (in compliance with the monetary relief sought by Plaintiff); exemplary damages, excluding interest, and as allowed by Section 41.008, Chapter 41 of the Texas Civil Practice and Remedies Code; together with pre-judgment interest (180 days after the defendant receives written notice of Plaintiff's claims or from the date of the filing of this petition whichever is earlier, through to the date immediately preceding the date of the rendition of judgment in this cause) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff CANDELARIA PEREZ may be entitled at law or in equity.

Respectfully submitted,

**TIJERINA LEGAL GROUP, P.C.**
1200 South Col. Rowe Boulevard, Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No.  (956) 972-0144
Email: **TijerinaLit@gmail.com**

**Cesar Palma**

HUMBERTO TIJERINA, III
State Bar No. 24028040
E-Mail: ht@tlegalgroup.com

CESAR PALMA
State Bar No. 24094884
E-Mail: cpalma@tlegalgroup.com

**ATTORNEYS FOR PLAINTIFF**